IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON BADILLO, | No. C 05-3370 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| SANTA CLARA VALLEY HEALTH & HOSPITAL SYSTEM, ADULT CUSTODY HEALTH SERVICES; R. N. Supervisor CHRIS FERRY; and DR. ROBERT BOWMAN, | |
| Defendants. | |

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend because plaintiff had failed to allege as to his claim against the health service that any of the people who allegedly violated his rights were acting pursuant to a custom or policy of the agency, and dismissed as to the individual defendants because he failed to allege what role they had in the allegedly unconstitutional denial of medical care. Plaintiff has amended.

In his amendment he explains that he was at the Santa Clara County Jail when he was injured. Plaintiff contends that something snapped in his upper back while he was doing pull-ups. Bowman gave him only painkillers and rebuffed his requests for more treatment despite his complaints that the pain was almost unbearable at times and had lasted ten months. Ferry, plaintiff alleges, had the authority to obtain proper treatment for him in her capacity as the officer in charge of answering grievances, but instead denied the requests in his grievances for better medical care.

After transfer to San Quentin, plaintiff was given an MRI which revealed "severe spinal damage" He underwent surgery to repair it.

Plaintiff scatters allegations throughout his amended complaint that the defendants were acting according to "custom," but never even alleges that it was a custom, much less a policy, of defendant Santa Clara Valley Health & Hospital System, Adult Custody Health Services. Assuming for purposes of this order that this defendant is a suable entity, the claim will be dismissed. As to the other defendants, plaintiff has adequately alleged that they acted with deliberate indifference to a serious medical need and, in a supplemental state law claim, that defendant Bowman committed medical malpractice. The individual defendants will be served.

## CONCLUSION

1. Plaintiff's claims against defendant Santa Clara Valley Health & Hospital System, Adult Custody Health Services are **DISMISSED** with prejudice.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendants: R. N. Supervisor Chris Ferry and Dr. Robert Bowman. Plaintiff states that these defendants can be found at: Santa Clara Valley Medical Center (Adult Health Care), 751 South Bascom Avenue, San Jose CA 95128.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

2

1  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
2  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

3        If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
4  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
5  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
6  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
7  *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

8            c. If defendants wish to file a reply brief, they shall do so no later than fifteen
9  days after the date of service of the opposition.

10           d. The motion shall be deemed submitted as of the date the reply brief is due.
11 No hearing will be held on the motion unless the court so orders at a later date.

12       4. All communications by the plaintiff with the court must be served on defendants, or
13 defendants' counsel once counsel has been designated, by mailing a true copy of the document
14 to defendants or defendants' counsel.

15       5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
16 No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
17 parties may conduct discovery.

18       6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
19 informed of any change of address and must comply with the court's orders in a timely fashion.
20 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
21 Federal Rule of Civil Procedure 41(b).

22     **IT IS SO ORDERED.**

24 Dated: August   3  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.05\BADILLO370.SERVE.wpd

3

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.